CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 8 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AMAR KHALID ABED | ) | Civil Action No. 7:01cv00355 |
| | ) | Criminal Case No. 7:97cr00024-3 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | By: Samuel G. Wilson |
| UNITED STATES OF AMERICA | ) | United States District Judge |

Amar Khalid Abed, a federal inmate proceeding pro se, filed a "motion for relief in the nature of a writ of error audita querela (sic), coram nobis, and/or relief from judgment (i.e. from prior § 2255 denial) pursuant to Federal Rules of Civil Procedure Rule 60(b)." In his motion, Abed challenges the validity of his convictions and 570-month sentence for various offenses arising out of his membership in a RICO enterprise. Upon review of the motion and pertinent court records, the court finds that Abed's claim should have been raised on direct appeal or in a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Therefore, the court construes his motion as a § 2255 motion and dismisses it as successive.

I.

On March 6, 1998, a jury in the Western District of Virginia found Abed guilty of being a member of a criminal enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), ("RICO"), conspiring to violate RICO, various offenses related to damaging and destroying buildings and motor vehicles by fire, using a firearm during and in relation to a crime of violence, and conspiring to distribute marijuana, cocaine, and cocaine base. Thereafter, the court sentenced Abed to 570 months incarceration. Abed appealed and the United States Court of Appeals for the Fourth Circuit affirmed. Following the denial of certiorari by the

Supreme Court of the United States, Abed filed a § 2255 motion in 2001, claiming, inter alia, that with regard to his conviction for using a firearm during and in relation to a crime of violence, the court "invaded the province of the jury" by instructing that a Molotov Cocktail is an incendiary destructive device. See Civil Action No. 7:01cv00355. In dismissing this claim in his § 2255 motion, the court found that Abed's claim was defaulted because he did not raise the issue at trial or on direct appeal, and that he had not demonstrated cause and prejudice to excuse his default. In his instant motion, Abed argues that the court "invaded the province of the jury" by instructing that a Molotov Cocktail is an incendiary destructive device.

## II.

Abed indicates that he is seeking relief from the court's prior judgment denying relief under § 2255. However, in support of the motion, Abed raises the same argument that was raised in his § 2255 motion and was previously dismissed by this court. Because the petitioner's motion is "nothing more than a request that the . . . court change its mind" with respect to its earlier decisions, "it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (1982). "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." Id. Accordingly, the court finds that Abed is not entitled to relief under Rule 60(b).

## III.

Abed also asks the court to consider his claim under the writs of audita querela and error coram nobis. However, the court finds that he is not entitled to relief under either of these writs. The writs of audita querela and error coram nobis, along with other common law writs, were specifically abolished in federal civil actions by amendments to Fed. R. Civ. P. Rule 60(b), effective in 1948. The United States Supreme Court has recognized, however, that the ancient writ of coram

nobis is still available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Morgan, 346 U.S. 502, 511 (1954). Accordingly, courts have generally held that the writ of audita querela may also still be available to attack a criminal conviction under some extraordinary and extremely rare set of circumstances. See, e.g., United States v. Reyes, 945 F.2d 862, 865-66 (5th Cir. 1991) (citing other cases).

Writs of audita querela and coram nobis "are similar, but not identical." Reyes, 945 F.2d at 863 n. 1. Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." Id. By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." Id. In audita querela, "[t]he defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief." Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997) (quoting United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992)). See also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (explaining that "[a]udita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction and that is not redressable pursuant to another post-conviction remedy") (citation omitted).

On the other hand, the writ of coram nobis was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant being under age or having died before the verdict." Carlisle v. United States, 517 U.S. 416, 429 (1996) (citation omitted). Other examples of facts and circumstances justifying coram nobis relief include the defendant's immunity from prosecution for diplomatic reasons, the

3

defendant's insanity, or after-discovered evidence of misconduct by the prosecution or the jury or officials' coercion of witnesses to offer perjured testimony. Morgan, 346 U.S. at 507-11 (citations omitted).

If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion to vacate, set aside or correct sentence, pursuant to § 2255, in the court where he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be dismissed by the district court as successive unless the inmate obtains certification from the court of appeals to pursue a second § 2255. 28 U.S.C. § 2255(h). The court of appeals may certify a successive § 2255 motion for consideration by the district court if its claims are based on newly discovered evidence or on a "new rule of constitutional law" decided by the Supreme Court and made retroactive to cases on collateral review. § 2255(h).

In rare circumstances, when § 2255 is "inadequate or ineffective to test the legality of . . . detention," a federal inmate may challenge the fact of his confinement through some other judicial remedy. See § 2255(e) (often referred to as "the savings clause" of § 2255); Jones, 226 F.3d at 333. The United States Court of Appeals for the Fourth Circuit has recognized only one set of circumstances in which § 2255 is inadequate and ineffective to test the legality of a conviction:

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

4

Neither the writ of error coram nobis nor the writ of audita querela is available to an inmate to raise claims that were or could have been raised through other remedies, such as a motion for new trial or a motion to vacate sentence under § 2255. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001) (coram nobis); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255."); Johnson, 962 F.2d at 582 (explaining that audita querela may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C.A. § 2255"). The fact that a particular prisoner did not achieve the outcome he desired in a § 2255 proceeding or would now be unable to obtain relief under § 2255 because of a procedural bar does not render the statute an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. See, e.g., In re Jones, 226 F.3d at 333 (finding that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision). The court finds that Abed's claim could have been raised on direct appeal or in a § 2255 motion. Therefore, the court also finds that Abed is not entitled to relief under the writs of audita querela or error coram nobis.

### IV.

Based on the foregoing, the court construes Abed's motion as a motion to vacate, set aside, or correct sentence under § 2255. However, inasmuch as Abed previously challenged the same conviction and sentence by filing a § 2255 motion, see Civil Action No. 7:01cv00355, the court finds that his instant motion is successive. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that

the claims in the motion meet certain criteria. See § 2255(h). As Abed has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive §2255 motion, the court must dismiss his motion as successive.[1]

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 18th day of June, 2010.

/s/ United States District Judge

---

[1] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.