IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case No. 7:97cr00024-3 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| AMAR KHALID ABED, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Amar Khalid Abed, a federal inmate proceeding *pro se*, filed a "motion seeking to expand Rule 59(e) motion" (Docket No. 635), challenging his underlying criminal convictions in light of <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).[1] The court finds that Abed's motion is, for all intents and purposes, an unauthorized, successive § 2255 motion and, therefore, construes it as such and dismisses it without prejudice.[2]

Abed challenges his convictions and 570-month sentence for being a member of a criminal enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), ("RICO"), conspiring to violate RICO, and various offenses arising out of his membership in the RICO enterprise, including drug trafficking and using an incendiary destructive device, a "Molotov Cocktail," during and in relation to a crime of violence (arson). Court records indicate that Abed previously filed multiple § 2255 motions regarding the same convictions and sentence, all of which this court dismissed. <u>See</u> Civil Action No. 7:01cv00355 (claims dismissed as defaulted and unexcused) and Criminal Case No. 7:97cr00024-3, Docket Nos. 579, 580, and 581 (dismissed as successive), Docket Nos. 599, 601, and 603 (dismissed as

---

[1] In <u>Alleyne</u>, the Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163.

[2] To the extent Abed seeks relief under 28 U.S.C. § 2241 in light of <u>Persaud v. United States</u>, 134 S. Ct. 1023 (2014), the court declines to construe Abed's motion under § 2241 because Abed is not housed in this district. <u>See</u> <u>United States v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989) (holding a claim attacking the execution of a sentence must be brought under § 2241 in the district of confinement, not the sentencing court).

successive), Docket Nos. 615, 616, 617 (dismissed as successive), Docket Nos. 621, 622, and 623 (dismissed as successive). This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria.[3] See § 2255(h). As Abed has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court must dismiss his motion as successive.[4]

Entered: October 21, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[3] The court notes that in United States v. Hairston, No. 12-8096, 2014 U.S. App. LEXIS 10846, 2014 WL 2600057 (4th Cir. June 11, 2014), the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." Cf. 28 US.C. § 2255(h). In the instant matter, however, there are no new facts upon which Abed is relying. Accordingly, Hairston is inapplicable in this matter. See e.g., United States v. Norman, No. 14-7088, 2014 U.S. App. LEXIS 18698, 2014 WL 4825246 (4th Cir. Sept. 30, 2014) (district court lacked authority to consider petitioner's Alleyne claims where petitioner had not first obtained permission from the Court of Appeals to file a second or successive 2255 motion).

[4] Abed is once again advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Abed must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244. A Fourth Circuit form and instructions for filing this motion are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.